**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NEILS H. LAUERSON, :<br>   : <br>   Petitioner, :<br>   : CIVIL ACTION NO. 3:06-cv-0286<br>      v. :<br>   :<br>WALTER A. DURLING, Immigration : (JUDGE CAPUTO)<br>Judge; U.S. DEPARTMENT OF :<br>JUSTICE; EXECUTIVE OFFICE FOR :<br>IMMIGRATION REVIEW; ALBERTO :<br>GONZALES, U.S. Attorney General, :<br>   :<br>   Respondents. : | |

**MEMORANDUM**

Presently before the Court is Petitioner's pro se Emergency Writ of Mandamus asking the Court to stop the execution of his January 18, 2006 removal order by U.S. Immigration Judge Walter A. Durling. (Doc. 1.) Petitioner argues that this Court has jurisdiction over this matter under 28 U.S.C. § 1361 and 28 U.S.C. § 1651. The Court disagrees.

Writs of mandamus are issued by a court pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Such writs can only be granted in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Will v. United States*, 389 U.S. 90, 95 (1967). The Court will deny the present petition because Petitioner failed to exhaust all other avenues of relief as required for a 28 U.S.C. § 1361 writ. As the U.S. Supreme Court stated, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984) (citations omitted); *see also Duamutef v. INS,* 386 F.3d 172, 180 (2d Cir. 2004) (affirming district court's dismissal of a writ of mandamus petition as petitioner failed

to meet both requirements and also as district court is jurisdictionally barred under 8 U.S.C. § 1252(g)).

On January 18, 2006, U.S. Immigration Judge Durling issued ordered that the Petitioner be removed to Denmark on the grounds that he is guilty of an aggravated felony under INA §§ 101(a)(43)(M)(i), (S) and (U).  (Doc. 1 at 6, 10)  This decision must be appealed to the Board of Immigration Appeals prior to any request for judicial review.  "If the immigration judge decides that the alien is removable and orders the alien to be removed, the judge shall inform the alien of the right to appeal that decision. . . ."  8 U.S.C. § 1229a(c)(5) (West 2005).  According to 8 U.S.C. § 1101(a)(47)(B), an order of deportation "shall become final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." (West 2005).

In his petition, the Petitioner has not claimed that he has appealed the immigration judge's decision or filed any motion to reconsider.  Under 8 U.S.C. § 1229a(c)(6)(A)-(C), petitioner is permitted to file one motion to reconsider his order of removal, within thirty (30) days of the entry of the final order.

Challenges to removal orders issued by the immigration judge are more appropriately brought via an appeal.  As Petitioner did not attempt to gain any such review, the Court must deny Petitioner's petition for lack of jurisdiction.  It should also be noted that 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against any alien who is removable by reason of having committed criminal offenses covered in" certain sections of Title 8.  (West 2005); *see also Calcano-Martinez v. INS,* 533 U.S. 348 (2001).

An appropriate Order follows.

| | |
|---|---|
| February 14, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEILS H. LAUERSON, | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 3:06-cv-0286 |
| v. | : |
| WALTER A. DURLING, Immigration Judge; U.S. DEPARTMENT OF JUSTICE; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; ALBERTO GONZALES, U.S. Attorney General, | : (JUDGE CAPUTO) |
| Respondents. | : |

## ORDER

**NOW**, this __14th__ day of February, 2006, **IT IS HEREBY ORDERED THAT** Petitioner Niels Lauersen's Emergency Writ of Mandamus asking the Court to stop the execution of his January 18, 2006 removal order (Doc. 1) is **DENIED**.

                    /s/ A. Richard Caputo
                    A. Richard Caputo
                    United States District Judge